UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZIMMERI CONTRERAZ, | CASE NO. 3:22-cv-05106 |
| Plaintiff, | ORDER |
| v. | |
| CITY OF TACOMA; SOUTH SOUND 911; CHRISTOPHER BAIN, | |
| Defendants. | |

This matter comes before the Court on Defendants City of Tacoma and Christopher Bain's Motion to File Overlength Motion For Summary Judgment. Dkt. No. 82. Defendants' request leave to file a 35-page summary judgment motion because of "the number and variety of claims made by plaintiff and the complexity of the legal issues and defenses involved." Dkt. No. 82 at 1. As a result, they argue, Defendants "require more than the twenty-four pages allowed in Local Rule 7(e)(3) in order to adequately address all of plaintiff's claims and relevant legal arguments." *Id.* at 1–2.

But under the current version of the rules, effective February 1, 2023, motions and briefs produced using a computer are limited by word count, not page

ORDER - 1

length. *See* LCR 7(e)(3) ("Motions for summary judgment … and briefs in opposition shall not exceed 8,400 words…."). Now, Parties are also required to include at the end of every brief a "certification of the signer as to the number of words, substantially as follows: 'I certify that this memorandum contains ___ words, in compliance with the Local Civil Rules.'" LCR 7(e)(6).

Before the Court could rule on Defendants' motion for overlength, however, Defendants filed their summary judgment motion. Dkt. No. 83. Consistent with the prior version of LCR 7(e)(3), Defendants' summary judgment motion totals 24 pages. *Id*. Defendants did not include a certification regarding the number of words in the brief, but the Court estimates that it contains around 9,045 words, inclusive of footnotes and headings. *See id*.

Accordingly, the Court denies Defendants' Motion as moot. Given the Court's delay in ruling on Defendants' overlength motion and the fact that they have already filed their summary judgment motion, the Court will exercise its discretion to consider Defendants entire summary judgment motion even though it exceeds the word count by perhaps a few hundred words. *But see* LCR 7(e)(6) ("The Court may refuse to consider any text, including footnotes, which is not included within the word or page limits."). To balance things out, the Court grants Plaintiffs leave to file an opposition brief not to exceed 9,045 words. Defendants' reply is limited to 4,200 words. *See* LCR 7(e)(3).

It is so ORDERED.

**ORDER** - 2

1

Dated this 11th day of January, 2024.

                                                         *Jamal W.*

Jamal N. Whitehead
United States District Judge

**ORDER** - 3