THE HONORABLE JAMAL N. WHITEHEAD

1

2

3

4

5

6    UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7    AT TACOMA

8    ZIMMERI CONTRERAZ, individually,

9        Plaintiff,                          No.  3:22-cv-5106-JNW

10       vs.

11    CITY OF TACOMA; a municipal            DEFENDANTS CITY OF TACOMA
corporation; SOUTH SOUND 911; an           AND CHRISTOPHER BAIN'S
12    Interlocal agreement agency; and      RESPONSE TO PLAINTIFF'S
CHRISTOPHER BAIN, in his                   MOTIONS *IN LIMINE*
13    individual capacity,

14                                           Noted for:  March 15, 2024
        Defendants.
15

16        Defendants City of Tacoma and Christopher Bain hereby submit this response

17    to the motions in limine filed by Plaintiff which are in dispute.

18        Rulings on motions *in limine* fall entirely within this Court's discretion. United
19
States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing Luce v. United States,
20
469 U.S. 38, 41-42, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)). Evidence is excluded on
21
a motion *in limine* only if the evidence is clearly inadmissible for any purpose. Dees v.
22
County of San Diego, 2017 U.S. Dist. LEXIS 6280 (S.D. Cal., Jan. 17, 2017). If
23
evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to
24

25

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER                    Tacoma City Attorney
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -              Civil Division
Page 1 of 11                                              747 Market Street, Room 1120
                                                            Tacoma, WA 98402-3767
                                                         253-591-5885 / Fax 253-591-5755

allow questions of foundation, relevancy, and prejudice to be resolved in context. See

Bensimon, 172 F.3d at 1127 (when ruling on a motion *in limine*, a trial court lacks

access to all the facts from trial testimony).

**1.      Plaintiff's motion to exclude evidence of alleged alcohol and/or drug use before, on the evening of, and after the incident should be denied.**

Plaintiff has moved to exclude all references to his alleged alcohol and/or drug

use on the grounds it is irrelevant.  On the contrary, it is relevant to the issues before

this Court and admissible pursuant to Fed. R. Evid. 401‑ 402 for multiple reasons.

First, as outlined herein, Officer Bain's report (written immediately after the

incident) reflects that, when Tacoma Police officers encountered Plaintiff in Wright

Park, Plaintiff appeared to have consumed and/or be under the influence of

intoxicants.  At least one officer believed he smelled the odor of intoxicants (alcohol)

on Plaintiff.  Given consumption of intoxicants is commonly understood to impact a

person's ability to observe and ability to recall, testimony regarding the odor of

intoxicants is relevant to both Plaintiff's then-ability to observe as well as his ability to

accurately recall details of July 12, 2020, contact with police and, for this reason

alone,  is admissible.

Second, evidence of apparent intoxication on July 12, 2020, is probative as to

Plaintiff's demeanor and conduct –which directly  impacted the officers' perspective,

lending credence to the claim that Plaintiff pushed himself off the picnic table towards

the officers. "In a case …where what the officer perceived just prior to the use of force

is in dispute, evidence that may support one version of events over another is relevant

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

and admissible."  Boyd v. City & Cnty of San Francisco, 576 F.3d 938, 948-49 (9th Cir. 2009)[1].

Moreover, Plaintiff's admitted alcohol abuse is part of his overall mental and physical health background.  Plaintiff's mental, emotional and physical condition and history, including any previous treatment for the same, is absolutely relevant to the instant lawsuit.  As a result of the incident on which this lawsuit is based, Plaintiff alleges that he suffers from post-traumatic stress disorder ("PTSD") as well as severe emotional distress, as a result of the July 12, 2020, incident.  In response to the discovery requests propounded in this matter as well as his testimony, Plaintiff asserted he sustained significant psychological injuries as a result of the incident upon which this suit is based.  See Exhibit 1 (Excerpts of Discovery Responses) to Declaration of Jennifer J. Taylor in Opposition to Plaintiff's Motions i*n Limine* (hereinafter Taylor Declaration); see also Exhibit 2 (Excerpts from Deposition of Plaintiff) to Taylor Declaration, pp.  166-169; pp. 211-220.  Plaintiff has therefore put into issue his mental condition and sensory abilities.  Plaintiff claims that as a result

---

[1] In Boyd, the Ninth Circuit upheld a ruling that allowed evidence that a decedent had been on drugs at the time of a police shooting because the evidence "was highly probative of the decedent's conduct, particularly in light of [the decedent's] alleged erratic behavior . . . ." Id. at 949. Courts frequently permit evidence of apparent drug or alcohol consumption in order to explain unusual behavior or to corroborate the officers' version of how a person acted. See Turner v. White, 980 F.2d 1180, 1182-83 (8th Cir. 1992); Saladino v. Winkler, 609 F.2d 1211, 1214 (7th Cir. 1979) ("This evidence tends to make more probable that the plaintiff acted as the defendant contended he did or that plaintiff otherwise conducted himself in such a manner as to place the defendant reasonably in fear of his life."); Lopez v. Aitken, 2011 U.S. Dist. LEXIS 16396, *3-*5 (S.D. Cal. Feb. 18, 2011) ("Evidence of Mr. Lopez's intoxication substantiates Defendants' assertions that Mr. Lopez was acting irrationally and unpredictably at the time of the incident, and their claims that Mr. Lopez resisted arrest.").  While Boyd and its ilk may have addressed the issue of potential illicit substances, such cases are helpful to understand that evidence of a plaintiff's behavior is relevant and probative, especially in excessive force claims where the parties are in dispute over what occurred.

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -
Page 3 of 11

of this incident in July 2020, he has experienced, amongst other symptoms, stress, confusion, sleeping difficulties and extreme mental anguish.  However, in Plaintiff's medical records, there is repeated documentation of plaintiff's pre-existing emotional and mental health issues.  Plaintiff's medical records reflect that he complained of a history of depression, anxiety, despondency, worry, and alcohol and substance abuse prior to July 12, 2020  Plaintiff also claims the July 2020 incident, caused him to  start drinking again, while his records from April 2020— three months before this incident—indicate Plaintiff described his drinking as "out of control" for the two years prior,  that it caused him to lose employment and housing and, also, that he was anxious, depressed and exhibiting poor judgment. Given that many of the symptoms Plaintiff presently complains of as a result of this incident are symptoms that he has a documented history of suffering prior to this incident, evidence pertaining to Plaintiff's mental, physical and substance abuse issues and treatment (before and after this incident)  is relevant under Fed. R. Evid. 401 and Fed. R. Evid. 402, and is, therefore, arguably admissible.

Further, even if this evidence was foreclosed by a plaintiff claiming mere "garden variety" emotional distress, that is not the facts of this case.  In addition to claims that he resumed drinking (alcoholism), Plaintiff also specifically alleges the July 12, 2020, incident resulted in Plaintiff developing PTSD.  There is  no support for any argument that PTSD is general type of emotional distress; rather, PTSD is a specific psychiatric condition that Defendants are entitled under the rules of evidence to explore at trial.

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -
Page 4 of 11

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

Additionally, Plaintiff underwent a forensic examination by the defense expert, Dr. Elizabeth Ziegler who, in accordance with forensic psychological principles, would have considered (and indeed did so) of <u>all available</u> information about the biomedical, psychological and social factors affecting the individual.  Dr. Ziegler considered and relied on the evidence sought to be excluded in formulating her opinions in tis mater and she should be permitted to testify accordingly.

Relevance is defined as evidence which has the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.   Fed. R. Evid. Rule 401.  All relevant evidence is admissible, except as otherwise provided in Fed. R. Evid. Rule 402.  "We let jurors see and hear even marginally relevant evidence because we trust them to weigh the evidence appropriately."  <u>U.S. v. Hitt</u>, 981 F.2d 422, 423 (1992).  Plaintiff fails to demonstrate that the probative value of this evidence is outweighed by any danger of unfair prejudice or misleading the jury. <u>See</u> <u>e.g</u>. Fed. R. Evid. 403.  As such, Plaintiff's motion should be denied.

**2.    Plaintiff's motion to exclude evidence of his criminal convictions or arrests should be denied as it is directly relevant to Plaintiff's claimed emotional distress damages.  Further, evidence of his Vehicular Assault arrest which was subsequently amended to a DUI is relevant to the extent that it shows Plaintiff's secondary motivation to claim PTSD in order to secure a lesser criminal charge.**

Plaintiff has moved to exclude evidence of *all* of Plaintiff's criminal convictions and arrests pursuant to Fed. R. Evid. 404(b) Rule 609.  Rule 609 allows evidence of a criminal conviction to be offered to attack a witness's character for truthfulness.  While

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -
Page 5 of 11

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

Defendants do intend to offer evidence of Plaintiff's prior convictions, such evidence is not being offered solely to attack his character for truthfulness.  Evidence of his prior convictions is directly relevant to the issues to be resolved by the jury in the instant case, specifically the claimed emotional distress damages, including PTSD allegations that Plaintiff attributes to his contact with Officer Bain on July 12, 2020. As outlined herein, all of this evidence is highly probative to Plaintiff's claimed psychological damages and is not unduly prejudicial, particularly since Plaintiff's retained psychological expert has put this evidence directly at issue.

First, to the extent that Plaintiff attributes his contact with TPD on July 12, 2020 resulted in his developing PTSD, his other contacts with law enforcement are relevant as to proximate cause of his injuries.  Specifically,  those law enforcement contacts—especially those which resulted in arrests and/or convictions—Plaintiff has been detained previously, has been handcuffed previously etc., and it relevant to the jury's determination of whether the detention of Plaintiff on July 12, 2023, was the source of Plaintiff's claimed psychological injuries.

Second, Plaintiff was the causing driver in a motor vehicle collision in the City of Tacoma in April 2020. In October 2020, he was criminally charged with Vehicular Assault-Driving Under the Influence ("Vehicular Assault DUI"), wherein he was alleged to have caused the collision that resulted in significant injuries to the other driver. See Exhibit 3 (Information and Affidavit of Probable Cause) to Taylor Declaration. During the pendency of the criminal charges regards to April 2020, Vehicular Assault-DUI, Plaintiff claimed he lacked competency to assist in his own defense, causing the

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -
Page 6 of 11

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

1

2

Court to order a competency evaluation and restoration. See Exhibit 4 (Pierce County

Superior Court Docket) to Taylor Declaration.  Plaintiff ultimately pleaded guilty to

3

Felony DUI (priors), a lesser offense than Vehicular Assault-DUI.  According to the

4

prosecuting attorney, the charges were amended to allow Plaintiff to keep his

5

employment and because the State had no contact with the victim.  See Exhibit 5

6

(Prosecutor's Statement re: Amended Information) to Taylor Declaration.[2]  The

7

context of all of this is relevant on several fronts—first, it allows for the jury to consider

8

any secondary motivation for Plaintiff to claim PTSD as a result of this incident which

9

10

is the basis for the instant lawsuit, because of the benefit it provided in the criminal

case.  Second, given that Plaintiff's mental health expert relies solely on the forensic

11

12

mental health evaluations that were done in  the criminal case to support the

contention asserted in her report that Plaintiff was diagnosed with PTSD, it is integral

13

14

to the context in which these evaluations were conducted.  Moreover, the felony

conviction is admissible in this civil case to attack Plaintiff's character for truthfulness.

15

16

Plaintiff may argue that this conviction is not relevant because he was convicted after

17

the Wright Park incident,  occurred after the shooting, but the plain language of FRE

18

609 does not impose any such restriction.  The rule allows for felony convictions in a

19

civil case, subject only to Fed. R. Evid. Rule 403.

20

        More specifically, any contacts Plaintiff had with law enforcement after July 12,

21

2020, are directly relevant to Plaintiff's claims of PTSD in this case.  Plaintiff claims

22

that the July 2020, incident causes him to experience "hypervigilance and

23

24

25

---

[2] Plaintiff pleaded guilty to Felony DUI. See Exhibit 6 (Statement of Defendant on Pleas of Guilty) to Taylor Declaration).

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -
Page 7 of 11

anxiousness." See Exhibit 1 to Taylor Declaration, Interrogatory No. 17.  At his deposition, Plaintiff claimed the "suffering and anguish" alleged in his Complaint relates exclusively to his claimed fear of law enforcement officers.  Plaintiff also claimed he suffered the same symptoms/PTSD to his criminal case competency forensic navigator Michael Donovan.  See Exhibit 2 to Taylor Declaration, pp. 208-213.[3]  Overall, Plaintiff is claiming he suffers symptoms diagnosed as PTSD which manifest primarily in a fear and avoidance of law enforcement officers.  Id

However, Plaintiff had at least two subsequent contacts with law enforcement. See Exhibits 7 (Lakewood Police Incident Report No. 2031200088) and 8 (Tacoma Police Incident No. 2111203391) to Taylor Declaration.  In both instances, Plaintiff evidenced no fear, anxiety or avoidance of law enforcement and, in fact, in both instances, Plaintiff himself called for police to contact him.  Id.  Specifically, Plaintiff called 911 on November 7, 2020 (about four months after TPD contacted him in Wright Park) to report his vehicle keys stolen.  In  the end, there was no evidence of stolen keys and Plaintiff was arrested without incident for an outstanding warrant.  Id. Exhibit 7 to Taylor Declaration.   Again, on April 22, 2021, Plaintiff called 911 to report a roommate problem. He then stood by until TPD arrived, with TPD standing by so that Plaintiff could collect his personal belongings from the house.[4]  Id.

---

[3] It also bears noting Plaintiff admitted he has been assaulted by law enforcement prior to the instant incident. Exhibit 2, 213:9-15.

[4] Plaintiff also filed a petition for a restraining order against the same roommate on April 23, 2021. See Exhibit 9 (Petition for Order for Protection)to Taylor Declaration.

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -
Page 8 of 11

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

By way of these motions, Plaintiff is attempting to present a sanitized version of himself to the jury, and asking the jury to use this sanitized version in assessing the damages allegedly caused by the subject incident. Allowing him to do so, and limiting the defense's ability to present a complete psychological history (which includes an individual's developmental, social, occupational, legal and relationship history), would be grossly and unfairly prejudicial to the defense. Evidence of Plaintiff's criminal arrests and convictions are relevant and admissible in this case.  Finally, his adult felony convictions are admissible to attack his character for truthfulness.  This motion in limine should be denied.

> **3.      Plaintiff's motion to exclude any reference to alleged "hit and run" or "vehicular assault" by Plaintiff or any of the injuries sustained by the other driver in an incident involving plaintiff in April 2020 should be denied.**

As to the specific injuries sustained by the other driver in the April 2020 collision which resulted in felony charges being filed against Plaintiff (and Plaintiff later pleaded guilty to a felony charge; see Exhibit 5 to Taylor Declaration), the defense does not intend to offer such testimony, certainly not for the purpose of implying that Plaintiff is a bad person.  However, for the reasons as outlined in sections 1 and 2 supra, the fact that he was charged and convicted of a felonious driving offense involving alcohol is admissible and this motion should be denied.

///

//

/

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -
Page 9 of 11

**4.      Plaintiff's motion to exclude any reference to Plaintiff's retention of attorneys filing Public Records Act should be denied as it is too narrow; rather, the Court should exclude any reference whatsoever to the Public Records Act**.

As noted in the Defendants' motions in limine, there is no provision allowing for a jury trial in the Washington Public Records Act, codified at Chapter 42.56 RCW. Since this Court is the sole trier of fact on the Public Records Act claims, there is no basis to introduce any evidence or make any reference to the Public Records Act (PRA)in this matter and it such testimony would be needlessly confusing to the jury and a waste of time.  Fed. R. Evid. 403.   The fact that Plaintiff made a PRA request has no tendency to make any of the facts related to the Fourth Amendment claim (nor the state law discrimination and negligence claims) any more or less probable, and this does not even meet the basis test of relevancy under Fed. R. Evid. 401.  For that reason, the Court should deny the motion of Plaintiff to the extent that Plaintiff seeks to introduce any evidence whatsoever of the PRA request in this case.

### Word Certification

I certify this memorandum contains 2,638 words, according to Microsoft's word count, in compliance with the Local Civil Rules.

Dated this 11th day of March, 2024.

CHRISTOPHER BACHA, City Attorney

By:      /s/ Jennifer Taylor
         JENNIFER J. TAYLOR, WSBA #26607
         KIMBERLY J. COX, WSBA #19955
         Deputy City Attorneys
         Attorneys for Defendants City of Tacoma and
         Christopher Bain

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* - Page 10 of 11

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

1

**DECLARATION OF SERVICE**

2

I hereby certify that on March 11, 2024, I electronically filed the foregoing with

3

the Clerk of the Court using the CM/ECF system and will send a true and correct copy

4

of this filing to the following:

5

Attorney for Plaintiff

6

7

Loren A. Cochran
Nicholas B. "Cole" Douglas
Cochran Douglas

8

Attorneys at Law
4826 Tacoma all Blvd. Suite C

9

Tacoma, WA  98409

10

loren@cochrandouglas.com
cole@cochrandouglas.com

11

12

DATED this 11 day of March, 2024, at Tacoma, Washington.

13

14

_____/s/Gisel Castro_____
Gisel Castro, Legal Assistant

15

Tacoma City Attorney's Office
747 Market Street, Suite 1120

16

Tacoma, WA  98402
(253) 591-5268

17

Fax: (253) 591-5755

18

19

20

21

22

23

24

25

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* -
Page 11 of 11

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755