UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZIMMERI CONTRERAZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TACOMA; a municipal corporation; SOUTH SOUND 911; an Interlocal agreement agency; and CHRISTOPHER BAIN, in his individual capacity,<br><br>Defendants. | No. 3:22-cv-5106-JNW<br><br>DEFENDANTS' TRIAL BRIEF<br><br>Pretrial Conference:<br>April 1, 2024 at 1:30 p.m.<br><br>Trial: April 8, 2024 |

This case is presently set for a ten (10) day jury trial, scheduled to begin on April 8, 2024. Motions in limine are scheduled for March 28, 2024 at 1:30 p.m. The prehearing conference is set for April 1, 2024, at 1.30 p.m.

I.      **Overview of the Case.**

This case arises out of a police contact that occurred in Wright Park, Tacoma, Washington on July 12, 2020. Tacoma Police Department (TPD) Officers were notified by a DuPont Officer who was flagged down by Mary Bridge Children's Hospital that an individual had reported being chased out of Wright Park by two men—a black male

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER BAIN'S TRIAL BRIEF - Page 1 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

armed with a knife and a white male armed with a gun. After receiving information regarding the description of the suspects, TPD Officers contacted a black male in Wright Park, later known to be Plaintiff, who matched the description of the black male suspect. Plaintiff was briefly detained and handcuffed. Plaintiff alleges that during this detention, he was subjected to excessive force.

In its order on summary judgment, the court held that it could not determine as a matter of law that Officer Bain was entitled to qualified immunity due to material questions of fact.

The claims to be presented at trial are as follows:

1. §1983 excessive force (Fourth Amendment) claim against Officer Christopher Bain;

2. Washington state law claim of battery against Officer Christopher Bain;

3. Washington Law Against Discrimination (RCW 49.60) claim against the City of Tacoma;

4. Negligence against the City of Tacoma, under Washington law.

**II.     The Law Governing Plaintiff's Claims**.

    **A.     Plaintiff's Excessive Force Claim against Officer Bain**.

Plaintiff's claim of excessive force is governed by the Fourth Amendment's objective reasonableness standard. See e.g., Graham v. Connor, 490 U.S. 386, 388, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The ultimate "reasonableness" inquiry in an excessive force case is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397.

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER BAIN'S TRIAL BRIEF - Page 2 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

To determine whether the force used to effect a particular seizure is reasonable under the circumstances, the jury will be asked to balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" Davis v. City of Las Vegas, 478 F.3d 1048, 1054 (9th Cir. 2007) (internal citations omitted). In performing this calculus, the jury must "assess the quantum of force used" and then "measure the governmental interests at stake" by considering: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." Davis, 478 F.3d at 1054 (citing Graham, 490 U.S. at 396).

The analysis is not limited, however, to the Graham factors. "Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, the reasonableness of a seizure must instead be assessed carefully considering the objective facts and circumstances that confronted the arresting officers." Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005) (internal quotations and citations omitted). In applying this standard, the courts have repeatedly admonished that "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split second judgments in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." Id. at 396-97. Further, officers are not required to use the least intrusive means when responding to exigent

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S TRIAL BRIEF - Page 3 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

circumstances; they only need to act within the range of reasonable conduct. Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994). Finally, a mistaken belief as to the amount of force necessary in any given situation does not render the force used unconstitutional, provided the belief was reasonable. Saucier v. Katz, 533 U.S. 194, 205, 121 S. Ct. 2151, 2158, 150 L. Ed. 2d 272 (2001).

**B.  Plaintiff's State Law Battery Claim.**

A battery is a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent. See e.g., McKinney v. Tukwila, 103 Wn. App., 13 P.3d 631(2000). If the jury determines that the force used by Officer Heilman was objectively reasonable, then the assault and battery clams fail. Boyles v. Kennewick, 62 Wn. App. 174, 813 P.2d 178 (1991).

Generally, a police officer, in making an arrest, is justified in using sufficient force to subdue a prisoner and is liable for assault and battery only if unnecessary violence or excessive force is used in accomplishing the arrest. Boyles, 62 Wn. App. at 176. Therefore, in this case, plaintiff's battery claim is subsumed by the §1983 excessive force claim.

**C.  Plaintiff's WLAD Claim against the City of Tacoma.**

To make a prima facie public accommodation claim, the plaintiff must show that (1) the plaintiff is a member of a protected class, (2) the defendant's establishment is place of public accommodation, (3) the defendant discriminated against the plaintiff when it did not treat the plaintiff in a manner comparable to the treatment it provides to persons outside that class, and (4) the plaintiff's protected status was a substantial

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER BAIN'S TRIAL BRIEF - Page 4 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

factor that caused the discrimination. Fell v. Spokane Transit Authority, 128 Wn.2d 618, 911 P.2d 1319 (1996). Fell establishes for places of public accommodation a "test of comparable treatment." Fell, 128 Wn.2d at 636. "Comparable" does not mean identical. Negron v. Snolqualmie Valley Hosp., 86 Wn. App. 579, 936 P.2d 55 (1997).

A RCW 49.60.215 discrimination claim requires that Plaintiff show that the alleged unequal treatment was *motivated* by race. See Evergreen Sch. Dist. No. 114 v. Human Rights Comm'n, 39 Wn. App. 763, 773, 695 P.2d 999 (1985) ; see also McKinney v. Tukwila, 103 Wn. App. 391, 13 P.3d 631 (2000). Washington has adopted the McDonnell-Douglas burden-shifting scheme that federal courts use to analyze cases alleging discrimination in places of public accommodation. Demelash v. Ross Stores, Inc., 105 Wn. App. 508, 524, 20 P.3d 447 (2001); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2nd 668 (1973). Under this burden-shifting scheme, a plaintiff must first establish a prima facie case of discrimination. Demelash, 105 Wn. App. at 524. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. Id. at 524. Once the defendant meets its burden, the burden shift back to the plaintiff to show that the defendant's articulated reason was mere "pretext" for unlawful discrimination. Id. at 524-25.

**D**.    **Plaintiff's Negligence Claim against the City of Tacoma.**

Plaintiff argues that the facts underlying his excessive force claim against Officer Bain are the same that support his negligence claim against the City of Tacoma. Dkt. #132, 14:14-16. The Court ruled that Beltran-Serrano v. Tacoma, 193 Wn.2d 537, 442 P.3d 608 (2019), permits Plaintiff to assert that the City breached a duty of reasonable care with regards to the officers' contact with Plaintiff in Wright Park.

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER BAIN'S TRIAL BRIEF - Page 5 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

### III. The law governing qualified immunity.

Qualified immunity shields officers from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Malley v. Briggs, 475 U.S. 335, 343, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986). Before discussing the application of qualified immunity to each claim, the first inquiry is to determine whether the alleged facts show that the government officer's conduct violated a constitutional right. If so, then the next step is to determine whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). However, the constitutional issue need not be addressed first in every case. Pearson v. Callahan, 555 U.S. 223, 227, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

The plaintiff bears the burden of proving that the right allegedly violated was "clearly established" at the time of the conduct in question. Davis v. Scherer, 468 U.S. 183, 197, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984) (the plaintiff bears the burden of proving that the right allegedly violated was "clearly established" at the time of the conduct in question). With respect to the second prong, the Ninth Circuit has noted as follows:

> In analyzing whether rights are clearly established, we look to then-existing "cases of controlling authority" or, absent such cases, to a "consensus" of persuasive authorities. "A clearly established right is one that is sufficiently clear that *every* reasonable official would have understood that what he is doing violates [it]." The Supreme Court has cautioned that we do not analyze whether rights are clearly established "at a high level of generality." Nor do we take the

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER BAIN'S TRIAL BRIEF - Page 6 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

extreme opposite approach, requiring a prior case "on all fours." Our inquiry, instead, is whether "the violative nature of [the defendant's] particular conduct is clearly established . . . in light of the specific context of the case.'" Qualified immunity thus protects "all but the plainly incompetent or those who knowingly violate the law."

J.K.L. v. San Diego, 42 F.4th 990, 1000 (9th Cir. 2022) (emphasis added). In other words, qualified immunity "'gives government officials breathing room to make reasonable but mistaken judgments.'" Sjurset v. Button, 810 F.3d 609, 614 (9th Cir. 2015)

**IV.     Evidentiary Issues.**

At the time of this writing, the Court has not yet ruled on the parties' pending motions *in limine.* The defendants respectfully request the opportunity to provide supplemental briefing as necessary once the remaining evidentiary issues are identified.

The parties have filed witness and exhibits lists, but have not asserted objections to the opposing parties' exhibits. The parties will confer on the issue of objections and will endeavor to file a single amended witness/exhibit list prior to the start of trial in order to minimize any outstanding issues.

**V.      Scheduling Issues.**

The parties have agreed to work cooperatively on the scheduling of witnesses and the defense anticipates that the defense will do its examination of witnesses when called during plaintiff's case-in-chief for those witnesses on both sides' witness lists. There are a few witnesses that may need to be called out of order. Additionally, the parties have agreed that some witnesses may need to appear via Zoom.

For example, Erik Levitt, former TPD officer, resides in Canada and manages a cattle ranch. Due to the fact that he lives out outside the United States, he will testify via

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER
BAIN'S TRIAL BRIEF - Page 7 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

Zoom. Officer Jonathan Douglas, who the plaintiff will be calling, is out of state April 12-20, and may be called to provide testimony over Zoom. Additionally, Dr. Elizabeth Ziegler is also anticipated to testify via Zoom, and may need to be taken out of order to accommodate her schedule. The parties do not anticipate any difficulties in this regard.

## Word Count

I certify this brief contains 1,909 words, per word processing word count, in accordance with the Local Rules.

Dated this 25th day of March, 2024.

                CHRISTOPHER D. BACHA, City Attorney

                By:    /s/ *Jennifer Taylor*
                         JENNIFER J. TAYLOR, WSBA #26607
                         KIMBERLY J. COX, WSBA #19955
                         Deputy City Attorneys
                         Attorneys for Defendants City of Tacoma and Christopher Bain

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER BAIN'S TRIAL BRIEF - Page 8 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755

## DECLARATION OF SERVICE

I hereby certify that on March 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send a true and correct copy of this filing to the following:

Attorney for Plaintiff

Loren A. Cochran
Nicholas B. "Cole" Douglas
Cochran Douglas
Attorneys at Law
4826 Tacoma all Blvd. Suite C
Tacoma, WA  98409
loren@cochrandouglas.com
cole@cochrandouglas.com

DATED this 25th day of March, 2024, at Tacoma, Washington.

          /s/Gisel Castro
Gisel Castro, Legal Assistant
Tacoma City Attorney's Office
747 Market Street, Suite 1120
Tacoma, WA  98402
(253) 591-5268
Fax: (253) 591-5755

DEFENDANTS CITY OF TACOMA AND CHRISTOPHER BAIN'S TRIAL BRIEF - Page 9 of 9

Tacoma City Attorney
Civil Division
747 Market Street, Room 1120
Tacoma, WA 98402-3767
253-591-5885 / Fax 253-591-5755