UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZIMMERI CONTRERAZ, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TACOMA, a municipal corporation; SOUTH SOUND 911, an Interlocal Agreement Agency; and CHRISTOPHER BAIN, in his individual capacity,<br><br>Defendants. | CASE NO. 22-cv-5106<br><br>ORDER ON MOTIONS IN LIMINE |

This matter comes before the Court on the parties' motions in limine. Dkt. Nos. 121, 123. Having considered the relevant record and the parties' oral argument, the Court hereby GRANTS in part, DENIES in part, and RESERVES ruling in part on the motions in limine, as explained below.

1. **DISCUSSION**

**1.1   Legal standard.**

The Federal Rules govern the admissibility of evidence. The Court will follow those rules in deciding these motions and in conducting the trial. "A motion in

ORDER ON MOTIONS IN LIMINE - 1

limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). But the Court cannot always rule on evidentiary issues in advance of trial since many rulings will be based on the events at trial. The denial of a motion in limine does not mean that the subject evidence is admissible. It simply means that the Court cannot rule on the issue in advance. To the extent the Court grants a motion in limine, it may still revisit its earlier rulings based on the events at trial.

**1.2    Uncontested motions in limine.**

The parties have submitted 15 agreed or uncontested motions in limine, Dkt. Nos. 121, 123:

**Plaintiff's Motion in Limine No. 4:** "Any evidence or argument that plaintiff has received benefits from a collateral source or could receive benefits from a collateral source, including Medicaid and other benefits." Dkt. No. 121 at 6.

**Plaintiff's Motion in Limine No. 5:** "Any evidence or argument regarding the 'good character' or other 'good' acts of Defendant City of Tacoma, Christopher Bain or their respective witnesses." *Id.* at 7.

**Plaintiff's Motion in Limine No. 7:** "Contingency fees or success of plaintiff's counsel." *Id.* at 8.

**Plaintiff's Motion in Limine No. 8:** "Settlement negotiations, compromise, or statement of damages." *Id.* at 8.

**Plaintiff's Motion in Limine No. 9:** "Defendants' reputations or pleas for juror sympathy." *Id.* at 9.

**Plaintiff's Motion in Limine No. 10:** "Undisclosed evidence." *Id.*

**Plaintiff's Motion in Limine No. 11:** "Decision not to call a witness." *Id.* at 10.

**Plaintiff's Motion in Limine No. 12:** "General damages not to be reduced to present value." *Id.*

**Plaintiff's Motion in Limine No. 13:** "Effect on insurance, tax rates, or quality of law enforcement." *Id.* at 11.

**Plaintiff's Motion in Limine No. 14:** "Ability of Defendant to pay a judgment or plaintiff's financial status." *Id.*

**Plaintiff's Motion in Limine No. 15:** "Tax on recovery." *Id.* at 12.

**Plaintiff's Motion in Limine No. 16:** "Notification of calling witness." *Id.*

**Defendants' Motion in Limine 1:** "No evidence regarding Defendants' ability to pay damages." Dkt. No. 123 at 2.

**Defendants' Motion in Limine 2:** "Precluding any witness, including expert witnesses, from offering opinions about the veracity of another witness." *Id.*

**Defendants' Motion in Limine 3:** "Scheduling of witnesses / potential virtual appearances." *Id.*

The Court GRANTS the parties' uncontested Motions in Limine, except for Plaintiff's MIL 16, deferring to the procedures required in the Order Setting Pretrial Procedures instead, Dkt. No. 120.

**1.3   Plaintiff's contested motions in limine.**

The Court turns to the Plaintiff's contested motions in limine:

ORDER ON MOTIONS IN LIMINE - 3

**Plaintiff's Motion in Limine 1:** "Defendants should be precluded from any reference to Plaintiff Zimmeri Contreraz's alleged alcohol or drug use prior to, on the evening of, and after the incident." Dkt. No. 121 at 2.

DENIED, without prejudice.

**Plaintiff's Motion in Limine 2:** "Any reference to felony or misdemeanor arrests or convictions should be excluded under Defendants should be precluded under Fed. R. Evid. 404(b)." *Id.* at 4.

GRANTED.

**Plaintiff's Motion in Limine 3:** "Any mention of any alleged 'hit and run' or 'vehicular assault' by the plaintiff or the alleged injuries of the other driver of an alleged 'hit and run' or 'vehicular assault' incident in April 2020." *Id.* at 6.

GRANTED.

**Plaintiff's Motion in Limine 6:** "Retention of Attorneys, including the attorneys filing Public Records Act Requests." *Id.* at 7.

GRANTED, in so far as the Court prohibits "argument or questioning concerning the timing or circumstances of the employment of the plaintiff's attorneys or any questions concerning the advice or handling of the case by and o the plaintiff's attorneys." *See id.* at 7.

1.4   **Defendants' contested motions in limine.**

The Court next turns to Defendants' motions in limine:

**Defendants' Motion in Limine 4:** "No evidence of other alleged acts / lawsuits involving allegations of tortious or other misconduct by the City, Tacoma

ORDER ON MOTIONS IN LIMINE - 4

Police Department ('TPD'), or any Tacoma Police Department ('TPD') officers, including Officer Christopher Bain not related to the events of July 12, 2020." Dkt. No. 123 at 2.

DENIED, without prejudice.

**Defendants' Motion in Limine 5:** "No reference to the cause of death of former TPD Officer Joel Cheney, Officer Cheney's resignation, and or any reference suggesting, or tending to suggest that former Officer Erik Levitt resigned from TPD for any reasons associated with this incident." *Id.* at 4.

GRANTED, in part. The parties may refer to the fact of Officer Cheney's death and that his death was not in the line of duty, but they may not refer to his cause of death.

**Defendants' Motion in Limine 6:** "No reference to George Floyd, Manuel Ellis, or any other cases discussed in the media, including social media, involving allegations of police misconduct." *Id.* at 5.

Defendants argue that references to George Floyd, Manuel Ellis, or other cases involving police misconduct during the trial would be prejudicial to Defendants under Fed. R. Evid. 402, 403. To be sure, testimony about these tragic events runs the risk of confusion of the issues and prejudice to Defendants. *See, e.g.*, *Alves v. Riverside Cnty.*, No. EDCV-19-2083-JGB-SHKX, 2023 WL 2983583, at *6 (C.D. Cal. Mar. 13, 2023). But these incidents were undeniably part of the national and regional conversation and will serve as a backdrop to any Section 1983 case for years to come. They may be raised during voir dire, and indeed, could be relevant in

ORDER ON MOTIONS IN LIMINE - 5

explaining certain actions in *this* case. For this reason, the Court RESERVES ruling on Defendants' Motion in Limine 6.

**Defendants' Motion in Limine 7:** "No statements, arguments or gestures that violate the 'Golden Rule' or otherwise seek to appeal to the emotions, passions or prejudices of the jury, including allegations of racism." *Id.* at 6.

GRANTED in part regarding the "Golden Rule," DENIED as to Defendants' arguments about "reptile" arguments. *See id.*

**Defendants' Motion in Limine 8:** "No testimony or reference to City Council Resolution No. 40622, or any Council Action Memorandum associated with therewith." *Id.* at 8.

RESERVED.

**Defendants' Motion in Limine 9:** "No reference or argument that any officers did something wrong by failing to perform acts that they were not required to do." *Id.*

DENIED, without prejudice.

**Defendants' Motion in Limine 10:** "No testimony or evidence of any alleged deficiencies in the City's policies, practices, training, supervision, and discipline." *Id.* at 10.

DENIED, without prejudice.

**Defendants' Motion in Limine 11:** "No opinions by Plaintiff's expert Susan Peters that were not disclosed or are contrary to law." *Id.*

Defendants object to the opinions of Plaintiff's expert Susan Peters. Specifically, Defendants object to Peters's opinions "(1) that Tacoma Police Officers

did not have reasonable suspicion to detain and handcuff Plaintiffs; (2) that Officer Bain used 'excessive and unnecessary force' against plaintiff and (3) that the Tacoma Police Department personnel failed to document the case." *Id.*

Experts "may generally testify about the procedures, policies, and standards used by law enforcement." *Dold v. Snohomish Cnty.*, No. 2:20-CV-00383-JHC, 2023 WL 123335, at *1 (W.D. Wash. Jan. 5, 2023) (citations omitted). But an expert may not opine beyond "standard law enforcement practices . . . and whether defendants' conduct is in accord with those practices," into the Court's or Jury's provinces. *Id.* (citing *Fontana v. City of Auburn*, No. C13-0245-JCC, 2014 WL 4162528, at *6 (W.D. Wash. Aug. 21, 2014)). While fuzzy at times, the line between improper and proper expert testimony on the ultimate issue turns on whether it is helpful to the jury, but an expert cannot opine as to a legal conclusion. *Id.* at *1-2. Indeed, in the context of excessive force—relevant here—courts have held that experts may not opine whether defendants used excessive force because that would be a legal conclusion. *Id.* Conversely, an expert may not opine that a defendant's use of force was "reasonable." *See id.* Ultimately, "[a] jury, not an expert, must decide whether [law enforcement] deployed reasonable force under the totality of circumstances." *Id.* at 2.

Here, Defendants correctly raise objections about Peters's opinions regarding whether Defendants had reasonable suspicion to approach Plaintiff and whether Bain used excessive force against Plaintiff. In addition to her three overarching opinions (stated above), Peters opines "[a] reasonable officer would have determined that forcefully pulling Mr. Contreraz down to the picnic table by his handcuffs when

cuffed, was excessive, not necessary and unreasonable force." Dkt. No. 124 at 32. This is the type of expert testimony that usurps the role of the jury to determine the "reasonableness" of Defendants' actions. *See Dold*, 2023 WL 123335, at *3 ("[Expert] may not testify about his belief that the deputies acted 'reasonably,' that they employed a 'reasonable' amount of force . . ."). Similarly, Peters's opinion "that Tacoma Police Department did not have 'Reasonable Suspicion' to detain and handcuff" Plaintiff is a legal conclusion. *See id.* On the other hand, Peters's opinions regarding police practices and training are well within her purview as an expert and are permissible. *See id.* at *3.

The parties should keep these principles—and roles—in mind when proffering expert witness testimony at trial. The Court RESERVES its holding on Defendants' Motion in Limine 11.

**Defendants' Motion in Limine 12:** "Plaintiff's racial trauma expert, Ashley McGirt, should be excluded or limited from offering opinions that were neither disclosed nor any opinions that do meet the standards set forth for experts." *Id.* at 13.

GRANTED.

**Defendants' Motion in Limine 13:** "No reference, including any argument of an alleged conspiracy, collusion or cover-up relating to an email Plaintiff purportedly sent to the City." *Id.* at 16.

DENIED, without prejudice.

**Defendants' Motion in Limine 14:** "No reference to the Washington Crime Victims' Compensation Fund, as well as any limit the scope of the communications

between City employees and the Washington State Victims' Compensation Fund employee." *Id.*

RESERVED.

**Defendants' Motion in Limine 15:** "No reference to the Public Records Act requests made or the claims asserted by Plaintiff under the Public Records Act." *Id.* at 17.

RESERVED.

**Defendants' Motion in Limine 16:** "No reference to the CAD related to missing juvenile person." *Id.* at 17.

DENIED, without prejudice.

**Defendants' Motion in Limine 17:** "Statements on Plaintiff's videos regarding racial issues and riots." *Id.* at 18.

DENIED, without prejudice.

**Defendants' Motion in Limine 18:** "Exclude the testimony of any officers who had no contact with Plaintiff." *Id.*

DENIED, without prejudice.

**Defendants' Motion in Limine 19:** "Plaintiff should be precluded from making policy-related arguments." *Id.* at 19.

DENIED, without prejudice.

**Defendants' Motion in Limine 20:** "No argument or suggestion that any of the office[r]s are colluding or covering for each other, or any 'thin blue line' type of argument." *Id.*

DENIED, without prejudice.

**Defendants' Motion in Limine 21:** "Plaintiff should be precluded from personally offering any testimony regarding any medical or psychological diagnoses that he contends were causally related to this incident." *Id.*

GRANTED, in part. Plaintiff may express his understanding of his diagnoses.

**Defendants' Motion in Limine 22:** "Plaintiff cannot offer his own opinions that his medical bills were reasonable and no expert has been disclosed on this subject." *Id.* at 20.

DENIED, without prejudice.

**Defendants' Motion in Limine 23:** "Plaintiff should be precluded from offering evidence or testimony in support of undisclosed claims and damages."

DENIED, without prejudice. *Id.*

**Defendants' Motion in Limine 24:** "Plaintiff cannot seek punitive damages against the City." *Id.* at 21.

DENIED. This request is not proper for a motion in limine.

It is so ORDERED.

Dated this 3rd day of April, 2024.

Jamal N. Whitehead
United States District Judge